Alexander R. Malbin, Esq. (AM9385)
FERDINAND IP, LLC
125 Park Avenue
25th Floor, Suite 2508
New York, NY 10017
Telephone: (212) 220-0523
Fax: (203) 905-6747
Email: amalbin@24iplg.com

*Attorney for Plaintiff,*
*ERIC JOHNSON*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC JOHNSON,<br><br>             Plaintiff,<br><br>- against -<br><br>REVOLT MEDIA & TV, LLC,<br><br>             Defendant. | Civil Action No. 18-cv-4284<br><br>**COMPLAINT** |

**COMPLAINT**

Mr. Eric Johnson (hereinafter "Plaintiff"), by and through his undersigned counsel, for his Complaint against Revolt Media & TV, LLC ("Defendant"), states and alleges as follows:

1. Plaintiff is professional photographer and artist based in New York City.

2. Upon information and belief, Defendant owns and operates a website publicly accessible at the domain name www.revolt.tv (the "Revolt Website"), as well as Facebook & Twitter social media pages operated under the identifying handle @RevoltTV (the "Revolt Social Media Pages").

3. Without permission or authorization from Plaintiff, Defendant copied, modified,

distributed and displayed certain original copyright-protected photographs of Aaliyah and LL Cool J created and exclusively owned by Plaintiff (the "Photographs At Issue," reproduced at Exhibit 1 hereto) on the Revolt Website and the Revolt Social Media Pages, in willful violation of the United States copyright laws.

## JURISDICTION AND VENUE

4.  This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* (the "Copyright Act").  This action arises from Defendant's unauthorized and unlawful reproduction, distribution, and public display of seven copyrighted photographs owned by Plaintiff (reproduced at Exhibit 1), in willful infringement of Plaintiff's U.S. Copyright Registration Nos. VA 1-910-544 & VA 2-024-161.

5.  This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has personal jurisdiction over Defendant because Defendant engages in continuous and systematic business activities in the State of New York, and/or regularly solicits business in New York and derive substantial revenue from interstate commerce, and/or has purposely directed substantial activities at the residents of New York by means of the Revolt Website and Revolt Social Media Pages described herein and derives substantial revenue from interstate commerce.

7.  Venue is proper under 28 U.S.C. § 1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events giving rise to the causes of action alleged herein occurred in this Judicial District.

## THE PARTIES

8.  Plaintiff Eric Johnson is a resident of New York County, New York.

9.      Upon information, Defendant Revolt Media & TV, LLC is a limited liability company organized and existing under the laws of the State of California, with a place of business at 1800 N. Highland Ave., 6th Floor, Los Angeles, California.

## FACTUAL ALLEGATIONS

**A.   THE PLAINTIFF AND HIS COPYRIGHT-REGISTERED PHOTOGRAPHS OF AALIYAH AND LL COOL J**

10.     Plaintiff is an award-winning photographer and artist whose work includes photographic portraits of musicians and artists. He is a citizen of the State of New York and resides in the Borough of Manhattan.

11.     A major focus of Plaintiff's work is photographic portraiture. Plaintiff has been producing iconic photographic portraits of a wide, diverse group of musicians, artists, celebrities, personalities, and everyday individuals for over thirty years. His photographs have been published in countless books, magazines, newspapers and periodicals, used as cover artwork for music albums, and shown in gallery shows.

12.     Plaintiff has developed a pristine reputation over his career for his timeless creative vision, masterful instinct for lighting, angles, and perspective, and unfailing ability to put his subjects at ease in front of the camera, all of which has translated to his consistent production of photographic portraits of the highest caliber throughout his thirty-year career.

13.     Plaintiff is the legal and beneficial owner of a vast number of his original photographs, certain of which he has licensed and/or sold, and many of which he has not licensed or sold and instead has maintained in his private personal archive since their creation. Plaintiff has invested significant time, money, resources and manpower over his distinguished and longstanding career in building and maintaining his personal photograph archive.

14.     In June 2001, Plaintiff shot a series of photographic portraits of the recording

artist and actress Aaliyah on commission for Entertainment Weekly Magazine (the "Aaliyah Photographs").

15. Plaintiff offered to license the Aaliyah Photographs to Entertainment Weekly Magazine for distribution to the public on or about June 7, 2011. Entertainment Weekly Magazine thereafter licensed from Plaintiff the right to publish certain of the Aaliyah Photographs.

16. In May 2004, Plaintiff shot a series of photographs of the recording artist and actor LL Cool J on commission for GQ Magazine (the "LL Cool J Photographs").

17. Plaintiff offered to license the LL Cool J Photographs to GQ Magazine for distribution to the public on or about May 15, 2005. GQ Magazine thereafter licensed from Plaintiff the right to publish certain of the LL Cool J Photographs.

18. During his photo shoots with Aaliyah and LL Cool J, Plaintiff utilized his talents, expertise, and creative vision to capture a number of timeless shots of the stars – including certain photographs that have come to define the enduring images of Aaliyah and LL Cool J among the public and their devoted fans.

19. Plaintiff is and has been the sole owner of all copyright rights in all of the Aaliyah Photographs and LL Cool J Photographs (including, without limitation, the Photographs At Issue reproduced at Exhibit 1) at all times since their creation. None of the Aaliyah Photographs or LL Cool J Photographs were produced as works-made-for-hire. Plaintiff has not assigned or otherwise transferred his copyrights in any of the Aaliyah Photographs or LL Cool J Photographs to any other person or entity.

20. Plaintiff has secured U.S. copyright registrations covering each of the Aaliyah Photographs and LL Cool J Photographs (including, without limitation, each of the Photographs

At Issue reproduced at Exhibit 1), the certificates of registration for which are attached hereto at Exhibits 2 and 3, respectively.

**B.     THE DEFENDANT AND ITS BUSINESS OPERATIONS**

21.     Upon information and belief, Defendant Revolt Media & TV, LLC is a major digital media and content provider and distributor whose business operations involve, *inter alia*, the operation of the Revolt Website and the Revolt Social Media Pages, as well as its REVOLT digital television network.

22.     Upon information and belief, Defendant is the registered owner and operator of the Revolt Website.

23.     Upon information, Defendant is responsible for all of the content (including, without limitation, all of the photographic images) publicly displayed on the Revolt Website.

24.     Upon information and belief, the Revolt Website is monetized in that it contains paid advertisements and markets Defendant's services to the public, including to persons located in the State of New York.

25.     Upon information and belief, Defendant derives substantial revenues from the sale of advertising space and sponsorship advertisements on the Revolt Website.

26.     Upon information and belief, Defendant's revenues from the sale of banner advertising space and sponsorship advertisements are based on the number of user views and "clicks" of the web pages on the Revolt Website on which such advertisements appear.

27.     Upon information and belief, Defendant receives substantial revenues and monetary benefits from its marketing and offering of advertising services on the Revolt Website, including the sale of banner ad space and sponsorship advertisements.

28.     Upon information and belief, Defendant also derives substantial promotional

benefits from its ownership and operation of the Revolt Website, including increased public awareness of Defendant's "REVOLT TV" brand and Defendant's REVOLT digital television network.

29. Upon information and belief, Defendant derives substantial revenues from broadcasting paid advertisements on its REVOLT digital television network.

30. Upon information and belief, Defendant operates the Revolt Website as a promotional vehicle for its REVOLT digital television network directed to the public throughout the United States, including to persons in the State of New York and this Judicial District, with the intention of directing users who access the Revolt Website to also access the REVOLT digital television network.

31. Upon information and belief, Defendant derive substantial promotional benefits from its ownership and operation of the Revolt Website, including benefits resulting from increased viewership of the REVOLT digital television network.

32. Upon information and belief, Defendant also owns and operates the Revolt Social Media Pages, and is responsible for all of the content (including, without limitation, photographic images) publicly displayed on the Revolt Social Media Pages.

33. Upon information and belief, Defendant operates the Revolt Social Media Pages as promotional vehicles for the Revolt Website and REVOLT digital television network directed to the public throughout the United States, including to persons in the State of New York and this Judicial District, with the intention of directing users who access the Revolt Social Media Pages to also access the Revolt Website and the REVOLT digital television network.

34. Upon information and belief, Defendant derive substantial promotional benefits from its ownership and operation of the Revolt Social Media Pages, including benefits resulting

from increased user traffic to the Revolt Website and increased viewership of the REVOLT digital television network.

35. Upon information and belief, Defendant takes an active role in selecting content to appear on the Revolt Website and Revolt Social Media Pages by, *inter alia*, reproducing, publicly displaying, and distributing photographic images on the Revolt Website and Revolt Social Media Pages; employing moderators, administrators, and editors ("Employees") who, within the scope of their employment, select and control content – including photographic images – to be reproduced, publicly displayed, and distributed on the Revolt Website and Revolt Social Media Pages; and directing, controlling, ratifying, and/or participating in such Employees' selection of photographic images for the Revolt Website and Revolt Social Media Pages.

36. Upon information and belief, Defendant and/or its Employees deliberately select photographic images to reproduce, distribute, and publicly display on the Revolt Website and Revolt Social Media Pages with the intention of drawing user traffic to the Revolt Website and Revolt Social Media Pages and thereby realizing greater advertising revenues, greater promotion of the Revolt Website and the REVOLT digital television network, greater viewership of the REVOLT digital television network and a greater enticement to prospective advertisers who compensate Defendant to displays advertisements on the Revolt Website and the REVOLT digital television network.

37. Upon information and belief, the Revolt Website and Revolt Social Media Pages, and the content thereon, are distributed to, and viewed by, tens of thousands of persons located throughout the United States, including in the State of New York and this Judicial District.

38. Upon information and belief, Defendants profit and reap substantial financial and promotional benefits from their ownership and operation of the Revolt Website and Revolt

Social Media Pages and, specifically, from the reproduction, distribution, and public display of photographic images on the Revolt Website and Revolt Social Media Pages.

C. **DEFENDANT'S INFRINGEMENTS OF PLAINTIFF'S PHOTOGRAPHS**

39. Upon information and belief, at all times relevant to this dispute, Defendant has owned and operated the Revolt Website and Revolt Social Media Pages, and has been responsible for all of the content – including, without limitation, all of the photographic images – reproduced, distributed, and publicly displayed thereon.

40. Upon information and belief and as evidenced by the true and correct screen captures of the Revolt Website and Revolt Social Media Pages reproduced at Exhibit 4 hereto, Defendants and/or Defendants' Employees have willfully infringed Plaintiff's copyright rights in and to two of the Aaliyah Photographs and two of the LL Cool J Photographs (the "Photographs At Issue," reproduced at Exhibit 1 hereto) by reproducing, distributing, and publicly displaying such photographs on the Revolt Website and Revolt Social Media Pages,[3] without valid license or authorization.

41. Defendant was not validly licensed, authorized, or given permission by Plaintiff or any authorized agent to engage in any use of any of the Photographs At Issue.

42. Defendant had no good-faith reason to believe that any of its uses of the Photographs At Issue on the Revolt Website and Revolt Social Media Pages were licensed or authorized by Plaintiff, any authorized agent, or the law. Accordingly, Defendant knew or should have known that each of its uses of the Photographs At Issue on the Revolt Website and Revolt Social Media Pages constituted copyright infringement.

---

[3] True and correct screen captures of the web pages on the Revolt Website and Revolt Social Media Pages on which Defendants reproduced, distributed, and publicly displayed the Photographs At Issues are reproduced at Exhibit 4 – each showing the reproduction, distribution, and public display of an exact reproduction of one of Plaintiff's Photographs At Issue reproduced at Exhibit 1.

43. Upon information and belief, Defendant was aware and/or should have been aware that the Photographs At Issue are Plaintiff's original copyright-protected works.

44. Upon information and belief, Defendant and/or Defendant's Employees purposely reproduced, distributed, and publicly displayed the Photographs At Issue on the Revolt Website and Revolt Social Media Pages with knowledge of their renown among the public, with the intention of attracting user traffic to the Revolt Website and the REVOLT digital television network, and thereby increasing advertising revenues, public awareness of Defendant's REVOLT TV brand, and promotion of Defendant's services.

45. Upon information and belief, Defendant has driven significant user traffic to the Revolt Website and the REVOLT digital television network by the reproduction, distribution, and public display of the Photographs At Issue on the Revolt Website and Revolt Social Media Pages.  The increased user traffic to the Revolt Website and the REVOLT digital television network has led to the generation of substantial revenues and promotional benefits reaped by Defendants, including, but not limited to, advertising revenues from increased user traffic, views, and clicks, increased public awareness of Defendant's REVOLT TV brand, and a greater enticement to prospective advertisers to enter into advertising relationships with Defendant for the display of advertisements on the Revolt Website and/or the REVOLT digital television network – all at the expense of Plaintiff and his copyright interests in the Photographs At Issue, and all directly attributable to Defendant's infringements of Plaintiff's copyrights in and to the Photographs At Issue.

46. Plaintiff has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges to the Photographs At Issue, and obtained the appropriate certificates of copyright registration, U.S. Copyright Reg. Nos. VA 1-910-544 & VA

2-024-161 (attached hereto at Exhibits 2 and 3, respectively).

47. Upon information and belief, Defendant engaged in its unauthorized uses of the Photographs At Issue knowingly of, and with reckless disregard for, Plaintiff's rights, and was aware (and/or should have been aware) that its unauthorized uses of the Photographs At Issue constitute infringements under the Copyright Laws of the United States.

48. Upon information and belief, Defendant has engaged in its infringing uses of Plaintiff's Photographs At Issue for the purpose of profiting and benefiting therefrom.

49. As a result of Defendant's infringing acts described herein, Plaintiff has been substantially harmed, including, but not limited to, loss of licensing fees, opportunities, sales, profits, and benefits, diminution of the value of his copyright rights in the Photographs At Issue, erosion of the marketing and licensing value of the Photographs At Issue, and injury to Plaintiff's goodwill and reputation, all in amounts to be determined at trial.

50. Plaintiff has no adequate remedy at law. Defendant's infringing acts as described above have caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff. Accordingly, Plaintiff requires this Court's intervention to put a stop to Defendants' willful infringements of his copyrights in and to the Photographs At Issue, and to vindicate his legal rights under the U.S. Copyright Act.

**FIRST COUNT**
*(Direct Copyright Infringement)*

51. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

52. At all times herein, Plaintiff has been and is still the owner, and proprietor of all right, title and interest in and to each of the Photographs At Issue. The Photographs At Issue are original, creative works of Plaintiff's authorship and constitutes copyrightable subject matter.

53. Plaintiff has complied in all respects with Title 17 of the United States Code, including obtaining certificates of copyright registration for the Photographs At issue (*see* Exhibits 2 & 3).

54. Plaintiff has not licensed, authorized, or given permission to Defendant to use any of the Photographs At Issue in any manner, nor has Plaintiff assigned any of its exclusive rights in his copyrights in any of the Photographs At Issue to Defendant.

55. Without permission or authorization from Plaintiff, Defendant reproduced, distributed, and publicly displayed the Photographs At Issue on the Revolt Website and Revolt Social Media Pages. Defendant's reproduction, distribution, and display of the Photographs At Issue on the Revolt Website and Revolt Social Media Pages violates Plaintiff's exclusive rights under the U.S. Copyright Act, 17 U.S.C. § 106, and constitutes willful infringement of Plaintiff's copyrights in and to the Photographs At Issue.

56. Upon information and belief, thousands of people throughout the United States and worldwide have viewed the infringing reproductions of the Photographs At Issue on the Revolt Website and Revolt Social Media Pages.

57. Upon information and belief, at all times relevant, Defendant had knowledge of the copyright infringements alleged herein, and knowingly and willfully carried out its infringing activities despite being aware of Plaintiff's rights in and to the Photographs At Issue.

58. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed in an amount to be proven at trial.

## SECOND COUNT
### *Vicarious Copyright Infringement*

59. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

60. Upon information and belief, at all times relevant, Defendant has had the legal right and practicable ability to supervise, control, limit, and stop its Employees from engaging in the infringing reproductions, distributions, and public displays of the Photographs At Issue on the Revolt Website and Revolt Social Media Pages described in this Complaint, and yet declined to exercise such right and ability.

61. Upon information and belief, at all times relevant, Defendants has had the practicable ability to supervise, control, limit, and stop the infringing activities of their Employees during their process of reproducing, distributing, and publicly displaying photographic images on the Revolt Website and Revolt Social Media Pages to ensure that such activities did not involve infringement of Plaintiff's copyrights in and to the Photographs At Issue, and yet permitted such Employees to engage in unauthorized reproduction, distribution, and public display of the Photographs At Issue.

62. Upon information and belief, as a direct and proximate result of Defendant's failure and/or refusal to exercise their right to stop or limit its Employees' infringements of the Photographs At Issue on the Revolt Website and Revolt Social Media Pages, Defendant's Employees have infringed Plaintiff's rights in and to the Photographs At Issue.

63. Upon information and belief, as a direct and proximate result of Defendant's failure and/or refusal to exercise their right to stop or limit their Employees' infringements of Plaintiff's rights in and to the Photographs At Issue on the Revolt Website and Revolt Social Media Pages, Defendants' Employees have engaged in infringing uses of the Photographs At Issue on the Revolt Website and Revolt Social Media Pages, which, in turn, has resulted in greater user traffic to the Revolt Website and REVOLT digital television network generating significant profits and benefits for Defendant directly attributable to the infringing conduct of its

Employees including, *inter alia*, increase in advertising revenues, increased public awareness of the REVOLT TV brand and digital television network, increased viewership of the REVOLT TV digital television network, and a greater enticement to prospective advertisers to enter into advertising relationships with Defendant for the display of advertisements on the Revolt Website and/or REVOLT digital television network.

64. Defendant's refusal to exercise their right to stop or limit their Employees' infringing uses of the Photographs At Issue has been willful, purposeful, and in complete disregard for Plaintiff's rights.

65. As a direct and proximate result of Defendant's refusal to exercise their right to stop or limit its Employees' infringing uses of the Photographs At Issue, Plaintiff has been substantially harmed in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against Defendant, finding that Defendant has directly and vicariously infringed Plaintiff's U.S. Copyright Registration Nos. VA 1-910-544 & VA 2-024-161 in violation of the U.S. Copyright Act, 17 U.S.C. § 501 *et seq.*, and awarding Plaintiff monetary and injunctive relief as follows:

    a. All damages sustained by Plaintiff in consequence of the infringements of Plaintiff's rights in and to the Photographs At Issue committed by Defendant and/or by Defendant's Employees with respect to whom Defendant failed and/or refused to exercise its legal right and practicable ability to stop or limit such infringements, as well as all gains, profits, and advantages realized by Defendant from said infringements, in amounts to be proven at trial and all increased to the maximum extent permitted by law; or in the alternative, at Plaintiff's election

      prior to entry of final judgment, statutory damages pursuant to 17 U.S.C. § 504(c), increased to the maximum extent permitted by law;

b.    A permanent injunction pursuant to 17 U.S.C. § 502 enjoining Defendant as well as each of its agents, servants, employees, representatives, parent companies, subsidiaries, successors and assigns, as well as all persons, firms, and corporations in active concert or participation with any of them, from directly or indirectly infringing Plaintiff's U.S. Copyright Registration Nos. VA 1-910-544 & VA 2-024-161;

c.    Plaintiff's reasonable attorneys' fees incurred in connection with this action pursuant to 17 U.S.C. § 505;

d.    Plaintiff's full costs incurred in connection with this action; and,

e.    Such other and further relief that the Court determines to be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

Dated: May 14, 2018    By: _____
                                  Alexander Malbin, Esq. (AM9385)
                                  FERDINAND IP, LLC
                                  125 Park Avenue
                                  25th Floor, Suite 2508
                                  New York, NY 10017
                                  Telephone: (212) 220-0523
                                  Fax: (203) 905-6747
                                  Email: amalbin@24iplg.com

                                  *Attorney for Plaintiff*
                                  *ERIC JOHNSON*